Paul Gattone
State Bar Number 012482
LAW OFFICE OF PAUL GATTONE
301 S. Convent
Tucson, Arizona 85701
(520) 623-1922
pgattone@aol.com
**Attorney for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA

Lucha Unida de Padres y Estudiantes     )
Refugio Celaya (LUPE), et al.     )   No. CV-18-00085-TUC-RM
          Plaintiffs,     )
            )
Vs.     )
            )   **STATEMENT OF FACTS IN**
            )   **OPPOSITION TO MOTION**
Tucson Police Officer Green, et al.     )   **FOR SUMMARY JUDGMENT**
            )
        Defendants.     )   (Oral Argument Requested)
            )
            )
            )
_____ )

      Plaintiffs, through counsel undersigned, files the following Separate Statement of Facts in

Support of their Opposition to Defendants' Motion for Summary Judgment.

      1.      Admit.

      2.      Admit.

      3.      Admit.

      4.      Admit.

      5.      Admit.

      6.      Admit.

      7.      Admit.

- 1 -

8. Admit, but add that neither Officer was directed to stop the march or to prevent the group from marching in the street. (Deposition of Defendant Baca at page 13 line 12-15)

9. Plaintiffs are without sufficient information to admit or deny this assertion.

10. Admit that some members of the group went to the sidewalk.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit that Plaintiff Cichon was standing next to the door of Defendant Green's vehicle, but Deny that Defendant Green told her to step away from the vehicle.

18. Deny, Plaintiff Cichon was standing near the vehicle, when Defendant Green opened the door of his vehicle and hit her with it. (Deposition of Joan Cichon at page 19 line 10-13) 22-25)

19. Deny, after initially hitting Plaintiff Cichon with the vehicle door, Defendant Green pulled the door back and hit Ms. Cichon a second time. (Cichon deposition at page page 20 line 10-13) Ms. Cichon put her hands up to stop the door from hitting her a second time and did not push the door. (Cichon Deposition at page 23 line 13-17, and page 36 line 9-18).

20. Admit.

21. Admit.

22. Unable to admit or deny this assertion.

23. Admit.

24. Admit.

25. Admit. Defendant Baca indicated that historically the Tucson Police had allowed groups to march in the street and had facilitated that by managing traffic. (Deposition of Defendant Baca at page 28 line 25 to page 29 line 5)

26. Admit.

27. Admit.

28. Admit.

29. Admit in part but deny that Plaintiffs had anything to do with the protest the next day.

30. Admit, but add that the Tucson Police had and have allowed groups to march in the street without a permit and have facilitated the march. (Deposition of Defendant Baca at page 16 line 14 to 24)

31. Admit in part, but add that Defendant Baca did not direct Defendant Green or other Defendants to prevent Plaintiffs and their group from marching in the street. (Deposition of Defendant Baca at page 13 line 12-15)

32. Admit.

33. Admit that these were the statements of Defendant Baca and add that Defendant Baca indicated that there are times when a group will impromptu march in the street and TPD will facilitate these actions. (Deposition of Defendant Green at page 16 line 21 – 24)

34. Admit that the protest on Inauguration Day 2016 was allowed to march in the street without a permit.

35. Admit.

36. Admit.

37. Admit.

38. Admit and add that Defendant Baca did not direct Defendant Green or any other officers on the scene to prevent Plaintiffs and their group from marching in the street. (Deposition of Defendant Baca at page 17 line 24 to page 18 line 2)

39. Admit.

40. Admit.

41. Admit and add that this was the first time that Defendant Baca directed any officers on the scene to move people off the street and onto the sidewalk. (Deposition of Defendant Baca at page 21 line 25 to page 22 line 3)

42. Admit.

43. Admit.

44. Admit that Defendant Baca made these statements but deny that this sort of activity was taking place at the event in question in this matter.

45. Admit.

46. Admit and add that this was the first time that Defendant Baca directed any officers on the scene to move people off the street and onto the sidewalk. (Deposition of Defendant Baca at page 21 line 25 to page 22 line 3.)

47. Admit.

48. Admit.

49. Admit.

50. Admit.

51. Admit.

52. Admit.

53. Admit.

54. Admit.

55. Admit.

56. Admit and add that in the majority of Defendant Green's experience with protests people were allowed to march in the street. (Deposition of Defendant Green at page 10 line 22 to page 11 line 6.)

57. Admit.

58. Admit and add that this was Defendant Green's only instruction and no superior officer directed him to stop the protestors from marching or moving. (Deposition of Defendant green at page 18 line 20 -22)

59. Admit.

60. Admit.

61. Admit.

62. Admit.

63. Admit.

64. Admit.

65. Admit.

66. Admit that no superior officer directed Defendant green to stop the protest from moving or marching.

67. Admit.

68. Admit.

1    69.    Admit.

2    70.    Admit.

3    71.    Admit that Defendant Green sprayed multiple people, including Plaintiff Baker with his pepper

4          spray but add that he is not certain as to the number of people he sprayed.  (See Deposition of

5          Defendant Green at page 29 line 12-16)  Defendant Green may have sprayed people with

6          bright fluorescent hats but could not recall.

7

8    72.    Admit, this person was Plaintiff Baker.

9    73.    Admit that Defendant Green felt justified in spraying Plaintiff Baker, but add that the findings

10         of the Office of Professional Standards found in part that his decision to knock people to the

11         ground or to spray them in the face with OC were unwarranted and inconsistent with both

12         department policy and training.  (See Deposition of Defendant Green at page 35 line 6-11)  In

13         addition, Defendant Green's action in pushing Plaintiff Redgrave to the ground was found to

14         be unjustified.  (Deposition of Defendant Green at page 25 line 3-8)

15

16   74.    Admit.

17   75.    Deny.  Defendant Green claimed that Plaintiff Cichon assaulted him with the door of his

18         vehicle, and she was initially charged with aggravated assault.  These charges were ultimately

19         dismissed by the County Attorney's Office.  (Deposition of Defendant Green at page 377 line

20         5-20)

21

22   76.    Admit.

23   77.    Admit.

24

25

26

- 6 -

78. Admit in part, but add that Defendant Guevara did not get any information that officers on the scene were being attacked or injured. (Deposition of Defendant Guevara at page 10 line 9-11)

79. Admit.

80. Admit

81. Admit.

82. Admit and add that Defendant Guevara subsequently became aware this use of force by Defendant Green was found to be unjustified.

83. Admit.

84. Deny. Defendant Guevara indicated that TPD Officers can use pepper spray when a subject poses a threat to the officers or other people or is the subject is using defensive resistance. (Deposition of Defendant Guevara at page 19 line 24 to page 20 line 7.

85. Admit.

86. Admit.

87. Admit.

88. Admit.

89. Admit but ads that Defendant Guevara had not given any verbal directions to this woman prior to pepper spraying her. (Deposition of Defendant Guevara at page 25 line 17 – 19)

90. Admit.

91. Admit.

92. Admit.

93.    Deny, Defendant Green could not say if the woman in the green hat got hit with the remnants of the spray he discharged. (See Deposition of Defendant Guevara at page 44 line 5-11)

94.    Admit.

95.    Deny. Only Defendants Green and Guevara deployed their pepper spray on February 16, 2017.

96.    Admit.

97.    Admit.

98.    Admit.

99.    Admit.

100.    Admit.

101.    Admit.

102.    Admit.

103.    Admit.

104.    Admit.

105.    Admit that these were the actions of the Defendants, but add that historically TPD has allowed protestors to take to the streets and have provided traffic support. (Deposition of Defendant Green at page 10 line 22 to page 11 line 6.)

106.    Admit.

107.    Admit that some people in the protest did move to the sidewalk.

108.    Plaintiffs can neither admit nor deny this assertion.

109.    Admit.

110.    Admit but point out to the Court that Mr. Leon is not a party to this litigation.

111.    Admit.

112.    Admit.

113.    Admit.

114.    Admit.

115.    Admit.

116.    Admit.

117.    Admit.

118.    Admit.

119.    Admit.

120.    Admit.

121.    Admit.

122.    Admit.

123.    Plaintiffs can neither admit nor deny these assertions, and point out that the individual described in this paragraph is not a party to this litigation.

124.    Admit.

125.    Admit.

126.    Plaintiffs can neither admit nor deny this assertion.

127.    Admit.

128.    Admit.

129.    Admit.

130.    Admit.

131.    Admit.

132.  Admit.

133.  Admit.

134.  Admit.

135.  Admit.

136.  Admit.

137.  Admit.

138.  Admit in part, but remind the Court that Mr. Leon is not a party to this litigation.

139.  Admit.

140.  Plaintiffs are not able to either admit or deny these assertions and point out that Ms. Blancarte is not a party to this litigation.

141.  Plaintiffs are not able to either admit or deny these assertions and point out that Ms. Blancarte is not a party to this litigation.

142.  Plaintiffs are not able to either admit or deny these assertions and point out that Ms. Blancarte is not a party to this litigation.

143.  Admit.

144.  Admit.

145.  Admit that Defendant Dragon's supplement is attached.

146.  Admit.

147.  Admit.

148.  Admit.

149.  Admit.

150.  Admit.

151. Admit.

152. Admit but point out that Ms. Rainey is not a party to this litigation.

153. Plaintiffs are not able to admit or deny this assertions.

154. Admit.

155. Plaintiffs are not able to admit or deny this assertion.

156. Plaintiffs are not able to admit or deny this assertion.

157. Admit.

158. Plaintiffs are not able to admit or deny this assertion.

159. Admit.

160. Admit that Defendant Rodriguez's supplement is attached.

161. Admit.

162. Admit.

163. Admit.

164. Admit.

165. Admit.

166. Admit.

167. Admit.

168. Admit.

169. Plaintiffs are not able to admit or deny this assertion.

170. Admit that Defendant Ewing's supplement if attached.

171. Admit.

172. Admit.

173. Admit that Defendant Merlin's supplement is attached.

174. Admit.

175. Admit.

176. Plaintiffs are not able to admit or deny this assertion.

177. Plaintiffs are not able to admit or deny this assertions.

178. Admit.

179. Admit.

180. Admit.

181. Admit.

182. Admit.

183. Admit.

184. Admit.

185. Admit.

186. Plaintiffs are not able to admit or deny this assertion.

187. Plaintiffs are not able to admit or deny this assertion.

188. Admit.

189. Plaintiffs are not able to admit or deny this assertion.

190. Admit.

191. Admit that Defendant Wakefield's supplement is attached.

192. Admit.

193. Admit.

194. Admit.

195.	Admit, in part but deny that officers had been assaulted.

196.	Admit.

197.	Admit.

198.	Admit.

199.	Admit.

200.	Admit that Defendant Salisbury's supplement is attached.

201.	Admit.

202.	Admit.

203.	Admit.

204.	Admit.

205.	Admit that the protestors, including Plaintiffs, were exercising their First Amendment rights to march in the public roadways.

206.	Deny that the protestors as a group were acting aggressively toward the officers on the scene.

207.	Admit.

208.	Admit.

209.	Admit.

210.	Admit.

211.	Admit.

212.	Admit.

213.	Admit that Defendant Parris' supplement is attached.

214.	Admit.

215.	Admit.

216. Admit.

217. Plaintiffs are not able to admit or deny this assertions.

218. Admit.

219. Admit that Defendant Luna's supplement is attached.

220. Admit.

221. Plaintiffs are not able to admit or deny this assertion.

222. Admit.

223. Deny that any officers were actually assaulted.

224. Admit.

225. Plaintiffs are not able to admit or deny this assertion.

226. Admit.

227. Plaintiffs are not able to admit or deny this assertion.

228. Plaintiffs are not able to admit or deny this assertion.

229. Admit that arrestees were photographed, but are without information to admit or deny the information about the unidentified black female.

230. Plaintiffs are not able to admit or deny these assertions. They also remind the Court that none of the individuals who made these statements are parties to this litigation.

231. Admit.

232. Admit that Defendant Nickel's supplement is attached.

233. Deny.

234. Admit that Plaintiff Livier made these statements.

235. Admit.

- 14 -

236. Admit that Plaintiff Baker made these statements but add that she clarified that the people did not actually have their arms wrapped around the bumper but rather that their arms were wrapped around each other. (Deposition of Rolande Baker at page 30 line 7-11 and page page 32 line 2-6)

237. Deny, see 236 above.

238. Admit.

239. Admit.

240. Admit.

241. Admit that Plaintiff Baker was pepper sprayed as she was attempting to assist Plaintiff Redgrave when she was pushed to the ground by Defendant Green, and add that Plaintiff was blinded by the spray and was impacted by the spray for at least two days. ( Baker deposition at page 40 line 12 -14 and page 44 line 23 to page 45 line 13)

242. Admit.

243. Admit.

244. Admit.

245. Admit.

246. Admit.

247. Admit.

248. Admit.

249. Admit.

250. Admit.

251. Admit.

252. Admit.

253. Admit.

254. Admit.

255. Admit and add that Plaintiff said that even after everything settled his eyes were still a little irritated. (Edward Cott Deposition at page 38 line 21-24).

256. Admit.

257. Admit.

258. Admit.

259. Admit.

260. Admit.

261. Deny. He saw people in front of the police vehicle but never indicated their intent was to prevent the vehicle from leaving. (Cott Deposition at page 50 line 18 – 22)

262. Admit.

263. Admit.

264. Admit.

265. Admit.

266. Admit.

267. Admit.

268. Admit that Plaintiff Dunlap was near the front of the police vehicle, and fell to the ground after being pulled away by a police officer. (Dunlap Deposition at page 57 line 3-8) Admit that Plaintiff Dunlap was pepper sprayed when he went to pick up an elderly woman (Plaintiff Redgrave) who had been knocked to the ground by police and add that Plaintiff was physically

and psychologically impacted by the pepper spray. ( Dunlap Deposition at page 65 line 9-19 and page 69 line 3-12)

269. Admit.

270. Admit.

271. Admit.

272. Admit.

273. Admit.

274. Admit.

275. Admit that Plaintiff Grugan was on the sidewalk and out of the street when she was pepper sprayed by a female officer. The female officer was directing her pepper spray at people who were on the sidewalk and not on the street. (Deposition of Fiona Grugan at page 54 line 23-25; page 55 line 11 and line 10-17) Plaintiff Grugan was impacted by the pepper spray for about a week and had headaches and trouble seeing during that period of time. (Deposition of Fiona Grugan at page 50 line 25 to page 51 line 24)

276. Admit.

277. Admit.

278. Admit.

279. Admit.

280. Admit.

281. Admit.

282. Admit.

283. Admit.

- 17 -

284. Admit that Plaintiff Redgrave was shaking her finger at the officers as she was protesting that fact that another woman was roughly "taken down" by the officers. (Deposition of Fritzi Redgrave at page 47 line 11-16)

285. Admit that Plaintiff Redgrave was attempting to see if the woman who had been taken to the ground was okay. (Redgrave Deposition at page 48 line 13-14.) Ms. Redgrave did not touch the officer or make physical contact with the officer. (See Redgrave Deposition at pay 50 line 5-11)

286. Admit that Plaintiff Redgrave was not sprayed or injured in the incident but that she was pushed to the ground by Defendant Green. (See Redgrave Deposition at page 49 line 15-22 and attached Exhibit A.)

287. Admit that Plaintiff was a National Lawyers Guild Legal Observer at the event.

288. Admit.

289. Admit.

290. Admit.

291. Admit.

292. Admit.

293. Admit.

294. Admit that Plaintiff was filming the events of February 16, 2017. Plaintiff had been staying on the median area, where she had been told to stand, and was not doing anything to obstruct or interfere with the police. (Deposition of Heidi Reynolds-Stensen at page 42 12-18) Deny that Plaintiff was in the middle of Congress Street when she was pepper sprayed. Plaintiff was still

in the crosswalk or median area when she was sprayed by Defendant Green. (Deposition of Heidi Reynolds-Stensen at page 47 line 5-9)

295. Admit that Plaintiff moved forward after Plaintiff Redgrave was pushed to the ground very hard. (Deposition of Reynolds-Stensen at page 50 line 5-8)

296. Admit.

297. Admit.

298. Admit that Plaintiff was committed to filming what was taking place on the date of the incident, but deny that she was near the officers when she was directly pepper sprayed. (Deposition of Heidi Reynolds-Stensen at page line 1-14)

299. Admit.

300. Deny. Plaintiff was trying to stay out of the street and as close to the median as possible while still filming what was going on, including the pushing down of Plaintiff Redgrave. ( Deposition of Plaintiff Heidi Reynolds-Stensen at page 62 line 5-23)

301. Deny. See 300 above.

302. Deny. See 300 above, and add that Ms. Reynolds Stensen was severely impacted by the pepper spray deployed against her by Defendant Green. (Deposition of Heidi Reynolds-Stensen at page 66 line 4 to page 70 line 2)

303. Admit in part and add that Plaintiff was on the other side of the patrol vehicle when she was pepper sprayed, but add that she was going to leave the area when she saw Plaintiff Redgrave pushed to the ground and Plaintiff Rothman turned and was pepper sprayed twice.

304. Admit.

305. Admit.

306. Admit.

307. Admit.

308. Admit.

309. Admit.

310. Admit in part and add that TPD was not notified because they usually know events are taking place and because often LUPE would have undocumented people at their event. (Livier Deposition at page 18 line 22 to page 19 line 12)

311. Admit.

312. Deny. In the portion of the deposition cited Plaintiff said she "believed so" when asked if she heard police tell people to get out of the street and to go to the sidewalk.

313. Admit.

314. Admit.

315. Admit.

316. Admit.

317. Admit.

318. Admit.

319. Admit that Plaintiff Wycoff was attempting to assist the elderly woman (Plaintiff Redgrave) who had been pushed to the ground by Defendant Green and add that as Plaintiff Wycoff was attempting to assist Ms. Redgrave from the ground he was pepper sprayed and when he made a second attempt to assist Ms. Redgrave he was sprayed a second time. (Deposition of Plaintiff Wycoff at page 15 line 22 to page 16 line 8) Plaintiff Wycoff was wanting to protect

Plaintiff Redgrave from the officers who had already assaulted her. (Wycoff Deposition at page 16 line 17 to 23)

320. Admit and add that Plaintiff Wycoff suffered serious physical symptoms as a result of being pepper sprayed. (Deposition of Plaintiff Wycoff at page 17 line 15 to page 18 line 20)

321. Admit.

322. Admit.

323. Admit.

324. Admit.

325. Admit.

326. Admit.

327. Admit.

328. Admit.

329. Admit.

330. Admit.

331. Admit.

332. Admit.

333. Admit.

334. Admit.

335. Admit.

336. Admit.

337. Admit.

338. Admit.

339.   Admit.

340.   Admit.

341.   Admit.

342.   Admit.

343.   Admit.

344.   Admit.

345.   Admit.

346.   Deny.  Defendant Green was never instructed by Defendant Baca to prevent the group from marching in the street but just to advise him if the group was marching so that sufficient police resources could be brought to facilitate the march.  (Deposition of Defendant Baca at page 13 line 8-15)

347.   Admit.

348.   Admit.

349.   Admit that this is what Defendant Green did, but add that he had not been instructed to prevent the march from taking place and that there was no operational plan in place for the protest itself.  (Baca deposition at page [age 11 line 5-13)

350.   Admit.

351.   Admit.

352.   Admit.

353.   Plaintiffs are without sufficient information to admit or deny this assertion.

354.    Plaintiffs are without sufficient information to admit or deny this assertion.

355.   Plaintiffs are without sufficient information to admit or deny this assertion.

356. Admit that people were calling for Leon to be released but Plaintiffs are without sufficient information to admit or deny that people were shouting anti-police remarks.

357. Admit.

358. Admit.

359. Plaintiffs are without sufficient information to admit or deny this assertion.

360. Deny. People stood in front of the vehicle and may have locked arms, but no one grabbed the bumper of the vehicle. (Deposition of Edward Cott at page 50 line 2 -22)

361. Admit.

362. Deny. See 360 above.

363. Plaintiffs are without sufficient information to admit or deny this assertion.

364. Deny. (Deposition of Joan Cichon at page 19 line 6-9)

365. Deny. (Deposition of Joan CIchon at page 20 line 10-13)

366. Deny. Defendant Green hit Plaintiff Cichon with the vehicle door. (Deposition of Joan Cichon at page 20 line 10-13)

367. Deny. Page 23 line 13-17, page 61 line 17 to page 62 line4)

368. Admit that Plaintiff Cichon was arrested.

369. Admit. However Plaintiff adds that all charges against her were eventually dropped. (Deposition of Joan Cichon at page 17 line 18 to page 18 line 4)

370. Admit.

371. Deny. See 360 above.

372. Plaintiffs are without sufficient information to admit or deny this assertion.

373. Admit.

374. Admit.

375. Deny. Plaintiff Redgrave was pushed to the ground by Defendant Green. See attached Exhibit A)

376. Agree.

377. Plaintiffs are without sufficient information to admit or deny this assertion.Plaintiffs are without sufficient information to admit or deny this assertion.

378. Plaintiffs are without sufficient information to admit or deny this assertion.

379. Admit that this person, Plaintiff Baker was pepper sprayed by Defendant Green but deny that she was running at the officers.

380. Deny. See attached Exhibit A.

381. Admit.

382. Admit that a narrative by Defendant Green is attached.

383. Plaintiffs are without sufficient information to admit or deny this assertion.

384. Deny. See attached Exhibit A.

385. Deny. See attached Exhibit A.

386. Admit.

387. Admit.

388. Admit that this is the opinion of Defendants' expert witness, but the entirety of the record in this matter indicates otherwise.

RESPECTFULLY SUBMITTED this 23rd day of January, 2020.

s/Paul Gattone
Law Office of Paul Gattone
Appearing for Plaintiffs

## ATTACHED EXHIBITS AND DOCUMENTS

- Exhibit A
- Deposition of Fritzi Redgrave
- Deposition of Edward Cott
- Deposition of Rolande Baker
- Deposition of Fiona Grugan
- Deposition of Alexander Wycoff
- Deposition of Josh Dunlap
- Deposition of Heidi Reynolds-Stensen
- Deposition of Joan Cichon
- Deposition of Linda Rothman
- Deposition of Defendant Green
- Deposition of Defendant Baca